UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:13-cr-177-LSC-JEG
    3:08-cr-302-LSC-JEG

AARON M. RICHARDSON

## UNITED STATES' MOTION FOR
## MENTAL EXAMINATION FOR COMPETENCY

The United States of America, through the undersigned Assistant United States Attorney, hereby requests this Court to order the defendant to submit to an examination to determine his competency to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, pursuant to 18 U.S.C. §§ 4241 and 4247.  As grounds for this motion, the United States states the following:

1. Following a hearing on October 7, 2014, pursuant to *Sell v. United States*, 539 U.S. 166 (2003), the Magistrate Judge entered an Order directing that defendant, Marcus A. Richardson, receive involuntary medication to restore his competence (Doc. 40).   That Order was adopted by this Court on December 4, 2014 (Doc. 44), Richardson was transported to the Federal Medical Center in Butner, North Carolina, and Richardson's competency was restored.

2. Richardson was arraigned on June 23, 2015.   Immediately prior to his arraignment, the Government learned that Richardson had not received his medication that should have been administered on June 20, 2015, and notified

defense counsel and the Court.   Richardson was immediately returned to the Baker County Jail where his medication was administered.   Thereafter, Richardson appeared and was arraigned on the present charges without incident.[1]

3. The Court scheduled a number of motions for hearing on October 27, 2015.   Shortly after 2:30 p.m. on October 26, 2015, the Government learned that Richardson had not received his court-ordered medications since June 23, 2015. The Government immediately notified defense counsel and the Court of this situation, and the hearings were cancelled to be reset at a future date once the status of Richardson's competence was known.   The Government likewise has confirmed that Richardson was again medicated later in the day on October 26, 2015.

4. Although Richardson had received no medications since June 23, as a result of speaking with Supervisory Deputy United States Marshal Penelope Knox, the Government has learned the following:

  a. Richardson has now received his medication;

  b. Richardson voluntarily took his medication on October 26, 2015, and specifically inquired about whether the medication was needed for his upcoming court hearing;

  c. Baker County Jail staff have observed no changes in Richardson's behavior since June 23, 2015;

---

[1] Following the arraignment, Supervisory Deputy United States Marshal Penelope Knox conducted a meeting with the Sheriff of Baker County, Baker County Jail staff, and Kathy J. Wilson, RN, CCHP-RN, Health Services Administrator of the Baker County Jail to insure that Richardson continued receiving his medications on a timely basis and was assured that would take place.

    d. Richardson has not been the subject of any disciplinary reports at the Baker County Jail since his return to their custody earlier this year; and

    e. Although the Government is not privy to lawyer-client communications between Richardson and his counsel, Richardson's counsel has not reported to the Court or to counsel for the Government any observable inability to assist counsel in the pending case, and the Government is confident that counsel for Richardson would have done so if he had observed any irregularities.

  5. Notwithstanding the above facts, and in an abundance of caution, the United States and counsel for Defendant believe a fresh competency evaluation is necessary to insure that Defendant remains competent and has not otherwise suffered any material decompensation during the intervening months when Defendant was not receiving medication.  The United States has made arrangements for Dr. Alan J. Harris, a psychologist who has previously evaluated Richardson, to conduct a competency evaluation on November 20, 2015, a date which may permit the recently administered medication to take its course and facilitate a better evaluation.

  6. The undersigned has conferred with counsel for Defendant, and counsel for Defendant has no objection to the requested evaluation.

WHEREFORE, the United States respectfully requests that the Court order the requested examination.

          Respectfully submitted,

          A. LEE BENTLEY, III
          United States Attorney

BY:   *s/ Mac D. Heavener, III*
       MAC D. HEAVENER, III
       Assistant United States Attorney
       Florida Bar No. 0896748
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-mail: Mac.heavener@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

   John J. Ossick, Jr., Esquire.

          *s/ Mac D. Heavener, III*
          MAC D. HEAVENER, III
          Assistant United States Attorney